GLENN C. AND NELLE D. AMON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; HORACE T. ARDINGER, JR. and ANNA M. ARDINGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Amon v. Commissioner
Docket Nos. 13845-79, 13847-79.
United States Tax Court
T.C. Memo 1981-535; 1981 Tax Ct. Memo LEXIS 215; 42 T.C.M. (CCH) 1167; T.C.M. (RIA) 81535; September 22, 1981. James G. Vetter, Jr., for the petitioners. John W. Dierker, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1976 as follows: Docket Number
Deficiency
13845-79
$ 28,170.94
13847-79
25,097.38
The sole issue for decision is whether petitioners sustained an ordinary loss or a capital loss upon the voluntary reconveyance of various parcels of real property, subject to nonrecourse deeds of trust, to the sellers. All of the facts have been stipulated. Petitioners Glenn C. and Nelle D. Amon (hereinafter *216 the Amons), husband and wife, and petitioners Horace T. Ardinger, Jr., and Anna M. Ardinger (hereinafter the Ardingers), husband and wife, resided in Dallas, Texas, when they filed their petitions. Petitioners filed joint Federal income tax returns for 1976 with the Internal Revenue Service Center, Austin, Texas. All four petitioners were partners in farmland holding joint ventures. The Amons also were partners in two land holding joint ventures in which the Ardingers had no interest. Their respective interests in the joint ventures are as follows: Joint Venture
The Amons
The Ardingers
Daves Joint Venture
50 percent
50 percent
Boat Club Road No. 1 Joint Venture
47.5 percent
47.5 percent
Aubrey-611 Joint Venture
10 percent
10 percent
Mack Joint Venture
48.75 percent
48.75 percent
Sherman East Joint Venture
7.8946 percent
Cedar Hill-South II Joint Venture
10 percent
In November 1973, Daves Joint Venture purchased 59.40 acres of land in Tarrant County, Texas, from Patricia Daves for $ 178,670.22. The joint venture paid $ 5,174.35 in cash, and executed a nonrecourse note secured by a deed of trust for the balance of the purchase price. In *217 December 1976, the property was reconveyed to Patricia Daves for no cash consideration, resulting in a loss of $ 5,174.35. The Amons claimed an ordinary loss of $ 2,587.17 and the Ardingers claimed an ordinary loss of $ 2,587.18. In March 1974, Boat Club Road No. 1 Joint Venture purchased 118.88 acres of land in Tarrant County, Texas, from Geannette Boone for $ 405,562.45. Of the purchase price, $ 26,508.77 was paid in cash, and the balance was evidence by a nonrecourse note secured by a deed of trust. In December 1976, the property was reconveyed to Geannette Boone for no cash consideration, resulting in a loss of $ 26,508.77. The Amons claimed on ordinary loss of $ 12,591.66 and the Ardingers claimed an ordinary loss of $ 12,591.67. In November 1973, Aubrey-611 Joint Venture purchased 611.048 acres of land in Denton County, Texas, from Stringer Company for $ 1,023.523. The venture paid $ 102,440.50 of the purchase price in cash, issuing a nonrecourse note secured by a deed of trust for the balance of the purchase price. In December 1976, the property was conveyed to Steve Stringer, trustee for Stringer Company, for no cash consideration, resulting in a loss of $ 102,440.50. *218 The Amons and Ardingers each claimed ordinary losses of $ 10,244.05. In November 1973, Mack Joint Venture purchased 52.25 acres of land in Denton County, Texas, from Lincoln Associates, Inc., for $ 656,002.63. The venture paid $ 21,970.75 in cash with the balance of the purchase price evidenced by a nonrecourse note secured by a deed of trust. In December 1976, the property was reconveyed to Lincoln Associates, Inc., for no monetary consideration, resulting in a loss of $ 21,970.75. The Amons and the Ardingers each claimed an ordinary loss of $ 10,710.74. In August 1973, Sherman East Joint Venture purchased 205 acres of land in Grayson County, Texas, from Roger W. and Cecil W. Johnston for $ 394,898.40. The venture paid $ 60,133.48 in cash with the balance of the purchase price evidenced by a nonrecourse note secured by a deed of trust. In December 1976, the property was reconveyed to the sellers, resulting in a loss of $ 60,133.48. The Amons claimed an ordinary loss of $ 4,635.73. In June 1974, Cedar Hill-South II Joint Venture purchased 206.069 acres of land in Dallas and Ellis County, Texas, from the Dallas County Association for the Blind, Inc., for $ 548,335.30. *219 The venture paid $ 17,935.30 in cash and executed a nonrecourse note secured by a deed of trust for the remainder of the purchase price. In December 1976, the property was reconveyed to the seller for no cash consideration, resulting in a loss of $ 17,935.30. The Amons claimed an ordinary loss of $ 17,093.53. All of the petitioners in each joint venture accepted title to the property subject to mortgages without assuming personal liability on the mortgage debts. The property of each joint venture was generally unimproved property, and in the hands of petitioners was a capital asset held as investment property until 1976. The properties were voluntarily conveyed to the mortgagees in lieu of foreclosure. The mortgagees accepted the deeds without paying, or promising to pay, anything. At the time of the conveyance of the properties, petitioners' adjusted basis in the properties exceeded the amount of the outstanding mortgage indebtedness. Respondent does not dispute the amount of any of the losses detailed above. Rather, respondent determined that they were capital losses rather than ordinary losses. Petitioners acknowledge that their claims to ordinary losses are contrary *220 to the holding of this Court in Freeland v. Commissioner, 74 T.C. 970 (1980). In Freeland, supra at 982-983, on facts virtually identical to the facts in the instant case, we held: * * * petitioner's voluntary reconveyance of the property to the mortgagee for no monetary consideration (boot) was a sale within the meaning of sections 1211 and 1212 of the Code, even though petitioner had no personal obligation on the mortgage debt, the fair market value of the property at the time of the reconveyance was less than the unpaid balance due on the mortgage debt, and petitioner had received no tax benefits in the form of depreciation deductions with respect to the property while he held it. * * * See also Middleton v. Commissioner, 77 T.C.     (1981); Arkin v. Commissioner, 76 T.C. 1048 (1981). Thus, it is clear that the losses upon the reconveyance by petitioners of various parcels of real property to the sellers were capital losses rather than ordinary losses. Petitioners' sole argument is that, at the time of the reconveyances, the case law indicated that the voluntary abandonment of property, subject to nonrecourse *221 liabilities in excess of fair market value of the property, to the mortgagee was without consideration and thus did not constitute a sale or exchange for Federal income tax purposes. Petitioners contend that they relied upon the law in the form in which it was in effect at that time for their tax planning. Consequently, they argue that the present law should not be applied retroactively to them. Petitioners' argument was addressed in Freeland v. Commissioner, supra at 982: Petitioner urges that we observe the doctrine of stare decisis to reach the opposite conclusion. That doctrine embodies an important social policy representing an element of continuity in law and is rooted in the psychological need to satisfy reasonable expectations. Helvering v. Hallock, 309 U.S. 106, 119 (1940). But there has been sufficient change in the judicial thinking on this subject, as evidenced by the cases decided since 1941, to cast considerable doubt on the validity of those decisions, and it would be wrong for us to ignore the more recent approaches to this issue simply to adhere to that doctrine. As noted in the footnote to the Lenway case, the vitality *222 of those cases has been sapped before this, and the handwriting has been on the wall long before today. [Fn. ref. omitted.] In deciding Freeland v. Commissioner, supra, we relied upon a number of cases decided prior to the transactions entered into by petitioners. See, e.g., Crane v. Commissioner, 331 U.S. 1 (1947); First National Industries, Inc. v. Commissioner, 404 F.2d 1182 (6th Cir. 1968), affg. a Memorandum Opinion of this Court, cert. denied 394 U.S. 1014 (1969); Johnson v. Commissioner, 59 T.C. 791 (1973), affd. 495 F.2d 1079 (6th Cir. 1974), cert. denied 419 U.S. 1040 (1974); Simon v. Commissioner, 32 T.C. 935 (1959), affd. 285 F.2d 422 (3d Cir. 1960). These decisions had undermined to a large extent the cases which petitioners cite in support of their position. Accordingly, we hold that petitioners sustained a capital loss upon the voluntary reconveyance of certain real estate, encumbered by nonrecourse liabilities, to the sellers. To reflect the foregoing, Decisions will be entered for the respondent.